**IN THE COURT OF APPEALS OF IOWA**

No. 14-1955
Filed March 23, 2016

**IN RE THE DETENTION OF**

**PERRY CUMMINGS,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.


        Perry Cummings appeals a district court order determining he was a sexually violent predator.  **AFFIRMED.**


        Adam C. Gregg, State Public Defender, and Thomas J. Gaul, Assistant State Public Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


        Considered by Vaitheswaran, P.J., Doyle, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, Presiding Judge.**

Perry Cummings appeals a district court order determining he was a sexually violent predator. He contends the evidence was insufficient to support the determination.

A "sexually violent predator" is defined as "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(11) (2013).[1] Our review of the district court's application of this definition is for substantial evidence. *In re Det. of Hennings*, 744 N.W.2d 333, 340 (Iowa 2008).

The first element of the definition—a "sexually violent offense"—lists several crimes, including "[a] violation of any provision of chapter 709." Iowa Code § 229A.2(10)(a). Cummings conceded he was convicted of assault with intent to commit sexual abuse in violation of section 709.11. Accordingly, this element was satisfied.

We turn to the "mental abnormality" element. A "mental abnormality" is "a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.*

---

[1] The chapter 229A definitions are renumbered in the 2015 code, but the substance of the provisions are the same.

§ 229A.2(5). The State presented uncontroverted expert testimony[2] on this element. Dr. Anna Salter diagnosed Cummings with "other specified personality disorder." She stated his personality disorder was "definitely in the antisocial area" and she listed the events in his life conforming with the criteria for antisocial personality disorder. She also stated people like him with a "constellation of personality traits," together with a "risk factor of high psychopathy," did not have "brakes woven into their personality." She agreed Cummings lacked these brakes and his disorder constituted a "mental abnormality."

We are left with whether Cummings was "likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." *Id.* § 229A.2(11). A person is "likely to engage in predatory acts of sexual violence" if "the person more likely than not will engage in acts of a sexually violent nature." *Id.* § 229A.2(4). Dr. Salter considered "static" as well as "dynamic" risk factors in reaching her opinion that Cummings was "more likely than not to reoffend" if released.

The cited evidence amounts to substantial evidence in support of the district court's determination that Cummings met the definition of a "sexually violent predator." *See In re Det. of Stenzel*, 827 N.W.2d 690, 702 (Iowa 2013) ("[A] diagnosis of an antisocial personality disorder affecting a respondent's ability to control behavior—a diagnosis . . . made here—can support a jury finding that someone is a sexually violent predator."). Accordingly, we affirm the court's order committing Cummings "to the custody of the Iowa Department of

---

[2] Cummings' brief makes reference to a defense expert. It is apparent from the context that the paragraph containing this reference was copied from another brief. Cummings did not call an expert witness to counter the State's evidence.

Human Services to be held in a secure facility for control, care, and treatment until such time as his mental abnormality has so changed that he is safe to be at large in the community."

**AFFIRMED.**